F. Michael Friedman, Esquire                                            Counsel for plaintiff
PA Attorney ID 22658
821 Terwood Road
PO Box 467
Drexel Hill PA 19026
610-453-3037
Fax 610-903-4610
fmf@mfriedmanlaw.com

_____

**IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| LISA BREEN,<br><br>    Plaintiff,<br><br>v.<br><br>RELIANCE STANDARD LIFE INS CO,<br><br>    Defendant. | Civil Action No. |

**COMPLAINT FOR RECOVERY OF PLAN BENEFITS AND FOR THE
ENFORCEMENT OF RIGHTS UNDER ERISA**

Plaintiff, Lisa Breen, makes the following representations to the Court for the purpose of obtaining relief from Defendant's refusal to pay long term disability (LTD) benefits due under an ERISA employee benefit plans, and for Defendant's other violations of the Employee Retirement Security Act of 1974 ("ERISA"):

**JURISDICTION AND VENUE**

1. This Court's jurisdiction is invoked pursuant to 28 U.S.C. § 1337 and 29 U.S.C. § 1132(e) (ERISA § 502(e)). Plaintiff's claims "relate to" "employee welfare benefits plan[s]" as defined by ERISA, 29 U.S.C. § 1001 *et seq*. and the subject Benefit Plan constitutes "plan[s] under ERISA."

2. The ERISA statute, at 29 U.S.C. § 1133, as well as Department of Labor regulations, at 29 C.F.R. § 2560.503-1 provide a mechanism for administrative or internal appeal of benefits denials. In this case, those avenues of appeal have been exhausted and this matter is now properly before this court for judicial review.

3. Venue is proper within the Eastern District of Pennsylvania pursuant to 29 U.S.C. § 1132(e)(2).

## PARTIES

4. Plaintiff, Lisa Breen, (hereinafter "Plaintiff" or "Ms. Breen"), is currently and was at all relevant times, a resident of Philadelphia County, Pennsylvania.

5. Defendant Reliance Standard Life Ins. Co. (hereinafter "Reliance")is an insurance company authorized to transact the business of insurance in this state, and may be served with process at its 2001 Market St. Suite 1500 Philadelphia, PA 19103 address.

6. Defendant Reliance is the party obligated to pay benefits and to determine eligibility for benefits under Group Long Term Disability Policy No. LTD 683689, issued by Reliance to Abington Health.

## FACTS

7. Plaintiff was employed by Abington Health, in its Philadelphia, Pennsylvania location as a nurse.

8. By virtue of her employment, Plaintiff was enrolled in the Abington Health Employee Benefits plan, which is an ERISA employee welfare benefit plan (the "Plan").

9. Benefits under the Plan are insured by Reliance under Group Long Term Disability Policy No. LTD 683689, issued by Reliance to Abington Health.

10. Plaintiff is a participant or beneficiary of the Plan.

11. Plaintiff ceased work due to a disability related to her medical conditions, including focal epilepsy, on July 6, 2018, while covered under the Plan.

12. Plaintiff has been and continues to be disabled as defined by the provisions of the Plan and relevant policies.

13. Plaintiff filed an application for LTD benefits under the Plan.

14. Reliance approved Plaintiff's application and paid benefits from April 2019 until January 5, 2021.

15. Ms. Breen was awarded Social Security Disability Benefits from the Social Security Administration on January 6, 2020, and Social Security found that she became disabled according to their rules as of July 2018.

16. Ms. Breen continues to received Social Security disability benefits today.

17. By letter dated September 28, 2020, Reliance informed Ms. Breen that no benefits would be payable after January 5, 2021.

18. Reliance concluded that Ms. Breen's medical records did not indicate sustained symptoms that would prevent sedentary work.

19. Plaintiff appealed the termination of her benefits by letter dated March 24, 2022, supporting the appeal by providing updated medical records, a medical opinion form from her treating neurologist, and a vocational evaluation.

20. Ms. Breen's treating neurologist, Dr. Skidmore, explained in a Medical Opinion form that Ms. Breen suffers from focal epilepsy and her seizures and medication result in cognitive dysfunction, and reported that he believed she has about two seizures per month lasting one to two minutes, but requiring four hours to recover.

21. Ms. Breen's treating neurologist, Dr. Skidmore, gave specific restrictions and limitations including needing to leave the workstation at unpredictable times, needing to stop working as needed, and reported that Ms. Breen's medical condition or medication would reasonably cause lapses in concentration, alertness, or memory on a regular basis, resulting in these lapses several hours three or more days a week.

22. By letter, Reliance forwarded a medical review completed by a file reviewing physician hired by Reliance to evaluate Ms. Breen's claim.

23. The file reviewing physician concluded that Ms. Breen had no limitations as a result of her diagnosis of partial epilepsy or based on her medication.

24. In response, Dr. Skidmore submitted a form indicating that he disagreed with the medical reviewer's opinion, and explained that Ms. Breen has focal epilepsy, having seizures three times per month. Her past EEG testing was negative, but focal seizures are often missed on EEG. Also, he noted that she has severe post seizure fatigue and cognitive symptoms that could not be fully investigated due to the COVID-19 pandemic.

25. Dr. Pearce indicated his opinion was not changed.

26. By letter dated June 21, 2022, Reliance denied the appeal, relying on the opinion of Dr. Pearce and stated that its decision was final.

27. Plaintiff has exhausted her administrative remedies under the Plan.

28. Reliance would pay any benefits due out of its own funds.

29. Reliance owed Plaintiff duties as a fiduciary of the ERISA Plan, including the duty of loyalty.

30. Reliance was under a perpetual conflict of interest because the benefits would have been paid out of its own funds.

31. Reliance allowed its concern over its own funds to influence its decision-making.

32. Reliance breached its fiduciary duties to Plaintiff, including the duty of loyalty.

FIRST CAUSE OF ACTION
FOR PLAN BENEFITS PURSUANT TO 29 U.S.C. § 1132(a)(1)(B)

PLAINTIFF incorporates the allegations contained in the above paragraphs as if fully stated herein and says further that:

33. Under the terms of the Plan and policy, Defendant agreed to provide Plaintiff with LTD benefits in the event that Plaintiff became disabled as defined by the Plan.

34. Plaintiff is disabled and entitled to benefits under the terms of the Plan.

35. Defendant failed to provide benefits due under the terms of the Plan, and these denials of benefits to Plaintiff constitute breaches of the Plan.

36. The decisions to deny benefits were wrong under the terms of the Plan.

37. The decisions to deny benefits and decision-making processes were arbitrary and capricious.

38. The decisions to deny benefits were influenced by the Defendant's financial conflict of interest.

39. The decisions to deny benefits were not supported by substantial evidence in the record.

40. As a direct and proximate result of the aforementioned conduct of the Defendant in failing to provide benefits for Plaintiff's disability, Plaintiff has been damaged in the amount equal to the amount of benefits to which she would have been entitled to under the Plan.

41. As a direct and proximate result of the aforementioned conduct of the Defendant in failing to provide benefits for Plaintiff's disability, Plaintiff has suffered, and will continue to

suffer in the future, damages under the Plan, plus interest and other damages, for a total amount to be determined.

## PRAYER FOR RELIEF

WHEREFORE. Plaintiff requests that this Court grant her the following relief in this case:

1. A finding in favor of Plaintiff against the Defendant;

2. Damages in the amount equal to the disability income benefits to which she was entitled through the date of judgment, for unpaid benefits pursuant to 29 U.S.C. § 1132(a)(1)(B);

3. Prejudgment and postjudgment interest;

4. An Order requiring the Plan or appropriate Plan fiduciaries to pay continuing benefits in the future so long as Plaintiff remains disabled under the terms of the Plan, as well as any other collateral benefits to which she might be entitled on the basis of being disabled under the LTD plan.

5. Plaintiff's reasonable attorney fees and costs; and

6. Such other relief as this court deems just and proper.

*S/ F. Michael Friedman*
F. Michael Friedman
*Counsel for plaintiff*

*/s/Hudson T. Ellis*
Hudson T. Ellis (Tenn. Bar #28330)
(Application for admission *pro hac vice* pending)
ellish@buchanandisability.com
Kaci D. Garrabrant (Tenn. Bar #039026)
(Application for admission *pro hac vice* pending)
kgarrabrant@buchanandisability.com
Eric Buchanan & Associates, PLLC
Attorneys for Plaintiff
414 McCallie Avenue
Chattanooga, TN 37402
(423) 634-2506
FAX: (423) 634-2505